UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: DUNG TRUNG DUONG : CHAPTER 13
      Debtor(s) :
:
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
      Movant :
:
      vs. :
:
DUNG TRUNG DUONG :
      Respondent(s) : CASE NO. 1-19-bk-04382

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 5th day of December, 2019, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor's have excess non-exempt equity in the following:

    a. Residential real estate – Per appraisal received.

3. Trustee further objects to debtor(s)' plan subject to debtor(s) providing to the Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable the Trustee to file his Business Examination Report with the Court pursuant to Sections 1302(c), Section 1106(a)(3) and Section 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following:

    a. Certification of business debtor.
    b. Insurance policies for:

      a) Business liability

    c. Copy of bank statements for six months preceding the filing of the petition.

4. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a. Insufficient Monthly Net Income as indicated on Schedules I and J.

5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

   a. Current Profit and Loss Statement for twelve (12) months of 2019.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 9th day of December, 2019, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Charles Petrie, Esquire
3528 Brisban Street
Harrisburg, PA   17111

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee